UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RAMONA S.,[1]

          Petitioner,

v.

PAMELA BONDI, Attorney General;
KRISTI NOEM, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and
Customs Enforcement; DAVID
EASTERWOOD, Acting Director, St.
Paul Field Office Immigration and
Customs Enforcement,

          Respondents.

Case No. 26-CV-00232 (MJD/JFD)

**ORDER**

---

Celia Sosa, as next friend for Petitioner.
Ana H. Voss, Assistant United States Attorney, for Respondents.

---

## I.    DISCUSSION

This matter is before the Court on Petitioner Ramona S's verified petition for a writ of habeas corpus. (Doc. 1.) Petitioner is a citizen of Mexico who has

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

-1-

lived in the United States since 1999.  (Id. ¶ 19.)  She has approval to pursue lawful status through I-30 as an alien relative.  (Doc. 1-1.)  She has no criminal record.  (Doc. 1 ¶ 21.)

Petitioner's verified habeas petition states that on January 12, 2026, she and her husband were pulled over in their vehicle by ICE and taken into custody.  (Id. ¶ 13.)[2]  Petitioner's arrest was part of Operation Metro Surge that, according to Petitioner, involves ICE "generally attempting to take as many immigrants as possible into custody regardless of the constitutionality of their actions."  (Id. ¶ 24 (citing Tincher et. al. v. Noem, No. 0:25-cv-04669, Compl. (D. Minn. Dec. 17, 2025)).)

The petition states that "[g]iven the massive volume of perceived non-citizens being taken off the streets, Respondents are running out of physical space to continue detaining people.  Detainees are being held in cramped quarters at the federal building, before being quickly sent to remote locations across Minnesota or to facilities as far away as El Paso, Texas."  (Id. ¶ 26.)

---

[2] Petitioner's husband's habeas case is filed at P. Sosa v. Bondi, 26-cv-00221 (NEB/DJF).

This last statement has proven prescient because although as of the filing of her habeas petition on January 12, 2026, Petitioner's daughter, her "next friend" mentioned above, stated that the ICE detainee locator stated that Petitioner and her husband were detained at Fort Snelling, St. Paul, Minnesota (Id. ¶ 27), the Court's research today found only one Ramona Silva from Mexico in the ICE detainee locator, a Ramona Cecilia Silva, who is located in El Paso, Texas. https://locator.ice.gov/odls/#/results (last visited Jan. 22, 2026). The Court assumes this person is Petitioner, but without knowing Petitioner's middle name, the Court is not certain. The fact that the Court has not been notified by Petitioner's daughter that Petitioner has been moved out of Minnesota is another reason that the Court is not certain of Petitioner's current location. This "whack-a-mole" game with the location of people's family members is problematic, to say the least.

On January 13, 2026, the Court issued an Order to Show Cause ordering Respondents to file their response to Petitioner's petition for writ of habeas corpus. (Doc. 2.) Respondents stated that because the petition raises issues similar to those in prior habeas petitions this Court has decided, issues that are currently before the Eighth Circuit on expedited review in Avila v. Bondi, No.

25-3248 (8th Cir. docketed Nov. 10, 2025), Respondents assert all arguments raised by the government in Avila.  (Doc. 3.)

This is one of the many recent cases challenging the application of 8 U.S.C. § 1225(b)(2) to aliens who have been living in the United States unlawfully.  This Court recently held that those who are already in the United States at the time they are detained by ICE are governed by the provisions of 8 U.S.C. § 1226(a), not § 1225(b) because such aliens are not "seeking admission." See Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3-4 (D. Minn. Dec. 23, 2025) (explaining that the judges of this District are united in this finding).  This finding addressed the same issues as in Avila and Respondents have not provided any reason for the Court to distinguish this case from Beltran or Avila.  Accordingly, the Court finds that this case is also governed by the provisions of 8 U.S.C. § 1226(a).

Respondents have provided no basis for the Court to conclude that Petitioner's continued detention without the opportunity to be released on bond is lawful.  Accordingly, the Court will grant the petition for writ of habeas corpus as detailed below.

## II. ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus **[Doc. 1]** is **GRANTED as follows**:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a)(1);

    b. Respondents must provide Petitioner with a bond hearing **in Minnesota** under 8 U.S.C. § 1226(a) within seven days of the date of this Order;

    c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

    d. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if

no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation; and

2. Respondents are **ENJOINED** from transferring Petitioner out of the District of Minnesota pending the duration of this litigation, assuming, of course, that Respondents have not already done so.

3. If Respondents have transferred Petitioner out of the District of Minnesota, Respondents must return Petitioner to the District by January 24, 2026 and notify Petitioner's Next Friend and the Court of the transfer.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 22, 2026                     s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court